IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:11cv4

| | |
|---|---|
| TRI INVESTMENTS, INC.; et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| AIKEN COST CONSULTANTS, INC. ) | |
| and WAYNE BLAIR, ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

Pending before the Court is Plaintiffs' Motion to Quash [# 21]. Plaintiff moves to quash the Subpoena and Notice of Deposition of Michael Longmire. The Court **GRANTS** the motion [# 21].

**I.     Background**

Plaintiffs hired Defendants in 2007 to provide professional services on certain construction projects. (Pls.' Compl. ¶ 10.) At some point, Plaintiffs suspected improper billing on the part of the general contractors working on the construction project. In March of 2008, Plaintiffs retained the law firm of Womble Carlyle in anticipation of litigation arising out of a billing scheme pursuant to which the general contractor inflated invoices to Plaintiffs. (Pieper Aff. ¶ 2, Oct. 24, 2011.) Womble Carlyle then retained Risk Management Associates, Inc.

("Risk Management") in anticipating of litigation to assist with the investigation of the billing scheme. (Id. at ¶ 3.) This investigation developed support for the civil and criminal prosecution of the general contractor and others involved in the billing scheme. (Id.) Michael R. Longmire is one of the investigators employed by Risk Management who took part in the investigation. Womble Carlyle and Plaintiffs did not hire Risk Management as an expert to testify at trial, and Plaintiffs have not designated Risk Management as an expert it intends to offer at trial. (Id. ¶ 4.)

On September 26, 2011, counsel for Defendants sent Plaintiffs' counsel a letter requesting available dates in October for taking the deposition of Michael Longmire and a number of other individuals. (Ex. 15 to Defs.' Resp. to Pl.'s Mot. Quash at 3.) After not getting a response from counsel regarding an available date, Defendants served a subpoena on Mr. Longmire on September 30, 2011, subpoenaing his testimony at a deposition on October 6, 2011, in Raleigh, North Carolina. (Ex. A to Pl.'s Mot. Quash.) This subpoena was issued by the United States District for the Western District of North Carolina upon the signature of counsel for Defendants. (Id.) Plaintiffs then moved to Quash the Subpoena and Notice of Deposition. Plaintiffs' motion is now properly before the Court.

II.  Analysis

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, a party may obtain a subpoena commanding the attendance of a witness at a deposition. Fed. R. Civ. P. 45. A subpoena commanding the attendance at a deposition must be issued "from the court for the district where the deposition is to be taken . . . ." Fed. R. Civ. P. 45(a)(2)(B). Moreover, a district court "must" quash or modify a subpoena that "fails to allow a reasonable time to comply. . . ." Fed. R. Civ. P. 45(c)(3)(A)(I). Although Rule 45 does not define what constitutes a reasonable time, courts have found that fourteen days from the date of service is presumptively reasonable. See In re Rule 45 Subpoena Issued to Cablevision Sys. Corp., No. Misc 08-347, 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010) (collecting cases); Brown v. Hendler, No. 09civ4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011).

As a threshold matter, the subpoena at issue is defective as it was issued by the United States District Court for the Western District of North Carolina to compel attendance at a deposition in Raleigh, North Carolina, which is located within the jurisdiction of United States District Court for the Eastern District of North Carolina. Pursuant to Rule 45(a)(2), a subpoena to attend a deposition in Raleigh must be issued by the  United States District Court for the Eastern District

of North Carolina. Even if counsel for Defendants issues and signs the subpoena pursuant to Rule 45(a)(3), he or she must still issue the subpoena for the district where the deposition is to be taken. See Fed. R. Civ. P. 45(a)(2) & (3); see also Donahoo v. Ohio Dept. of Youth Servs., 211 F.R.D. 303, 305-06 (N.D. Ohio 2002) (explaining the procedure for an attorney signing a subpoena pursuant to Rule 45(a)(3)).

Moreover, Defendants failed to allow a reasonable time for the Mr. Longmire to comply with the subpoena. See Fed. R. Civ. P. 45(c)(3)(A). Defendants served the subpoena on September 30, 2011, for a deposition on October 6, 2011. Six total days and four business days is not a reasonable time to comply with a subpoena and notice of deposition. See Donahoo, 211 F.R.D. at 306 (one week not reasonable); Memorial Hospice, Inc. v. Norris, No. 2:08cv48, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) (eight days notice not reasonable); In re Stratosphere Corp. Sec. Litig., 183 F.R.D. 684, 687 (D. Nev. 1999) (six days not reasonable).

Finally, the deposition of Mr. Longmire also comes under the confines of Rule 26(b)(4)(D) and, therefore, is improper. Rule 26(b)(4)(D), provides that:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.

The rule further provides that a party may obtain such a deposition only upon a showing of "exceptional circumstances under which it is impracticable for the party to obtain facts or opinion on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D)(ii). Counsel hired Mr. Longmire and his firm to investigate the fraudulent billing scheme in anticipation of litigation. Mr. Longmire is not listed as an expert witness and Plaintiffs do not intend to call him as a witness. Finally, Defendants have not shown the requisite exceptional circumstances necessary to depose Mr. Longmire. See Fed. R. Civ. P. 26(b)(4)(D)(ii). Accordingly, the Court **GRANTS** Plaintiffs' motion [# 21].

### III. Conclusion

The Court **GRANTS** Plaintiffs' Motion to Quash [# 21]. The Court **QUASHES** the Subpoena and Notice of Deposition of Michael Longmire.

Signed: November 7, 2011

Dennis L. Howell
United States Magistrate Judge